**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

```
FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 04 2021

JEFFREY P. COLWELL
CLERK
```

Civil Action No.        **20-cv-3728-GPG**

_____
(To be supplied by the court)

**Michael Young-Valdiva**

_____, Applicant,

v.
JOHNNY CHOATE, WARDEN OF The Aurora Contract Detention Facility and
JOHN FABBRICATORE Field OFFICE DIRECTOR, ENFORCEMENT AND REMOVAL
OPERATION, US IMMIGRATION AND CUSTOM ENFORLEMENT, IN Their OFFICIAL CAPACITY,
_____, Respondent.
(Name of warden, superintendent, jailer, or other custodian)

*(Note: If you are attacking the validity of a state conviction or sentence and not the execution of your sentence, you must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. If you are attacking the validity of a judgment entered in a federal court, you must file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)*

---

**APPLICATION FOR A WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2241**

---

| NOTICE |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |

**A.    APPLICANT INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

MICHAEL YOUNG-VALDIVIA, A#076440738
_____
(Applicant's name, prisoner identification number, and complete mailing address)

ICE-AURORA CONTRACT FACILITY, 3130 N. OAKLAND ST, Aurora- Colorado
                                                                          80010.

**20-CV-3728-GPG**

1

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____   Pretrial detainee
____   Civilly committed detainee
__X__   Immigration detainee
____   Convicted and sentenced state prisoner
____   Convicted and sentenced federal prisoner
____   Other: *(Please explain)* _____

## B.   RESPONDENT INFORMATION

Johnny CHOATE, WARDEN OF THE AURORA CONTRACT DETENTION FACILITY,
JOHN FABBRICATORE, Field Office Director, ENFORCEMENT AND REMOVAL
(Respondent's name and complete mailing address)
OPERATION, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
12445 E CALEY AVE, CENTENIAL, COLORADO 80111

## C.   STATEMENT OF CLAIMS

*State clearly and concisely every claim you are asserting in this action. For each claim, specify the right that allegedly has been violated and all facts that support your claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "C. STATEMENT OF CLAIMS."*

CLAIM ONE: _____ ADDITIONAL   DOCUMENT   ATTACH _____

   Supporting facts:   "C   STATEMENT   OF   CLAIM"

**20-CV-3728-GPG**

## D.    PRIOR APPLICATIONS

Have you ever filed a lawsuit, other than this lawsuit, in any federal court in which you raised or could have raised the claim(s) raised in this action? ___ Yes **X** No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one prior application, use additional paper to provide the requested information for each prior application. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "D. PRIOR APPLICATIONS."*

Name and location of court:                 _____

Case number:                               _____

Type of proceeding:                        _____

List the claim(s) raised:                  _____

Date and result: (Attach a copy of          _____
the decision if available)

Result on appeal, if appealed:             _____

## E.    ADMINISTRATIVE REMEDIES

*WARNING: You must exhaust administrative and/or state remedies before filing an action in federal court pursuant to 28 U.S.C. § 2241. Your case may be dismissed if you have not exhausted administrative and/or state remedies. If additional space is needed to explain exhaustion, use extra paper to do so. Please indicate that additional paper is attached and label the additional pages regarding exhaustion as "E. ADMINISTRATIVE REMEDIES."*

Explain the steps you have taken to exhaust administrative and/or state remedies:

Additional Document Attach
"E. ADMINISTRATIVE REMEDIES."

3

**20-CV-3728-GPG**



## F.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

ADDITIONAL DOCUMENT ATTACH
" F. REQUEST FOR RELIEF "

## G.    APPLICANT'S SIGNATURE

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this application: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the application otherwise complies with the requirements of Rule 11.

_____
(Applicant's signature)

12|24|20
_____
(Date)

(Form Revised December 2017)

**20-CV-3728-GPG**



MICHAEL YOUNG-VALDIVIA
GEO AURORA DETENTION CENTER
3130 NORTH OAKLAND STREET
AURORA, COLORADO 80010

**DETAINED**

## UNITED STATES DEPARTMENT OF JUSTICE
## UNITED STATES DISTRIC COURT
## DENVER, COLORADO

**CIVIL ACTION NO.  20-cv-3728-GPG**

**JOHNNY CHOATE,** Warden of the Aurora Contract
Detention Facility, **JOHN FABBRICATORE,** Field
Office Director, Enforcement and Removal Operation, U.S.
Immigration and Custom Enforcement; in their official
capacities, **Respondents.**

**12445 E CALEY AVE**
**CENTENIAL, COLORADO 80111**

**In the Matter of:**

MICHAEL YOUNG-VALDIVIA
FILE No. A 076-440-738
                    **Petitioner,**

**ADDITIONAL DOCUMENTS**

**WRIT OF HABEAS COURPUS**

**PURSUANT TO 28 U.S.C. § 2241**

# A. <u>INTRODUCTION</u>

Michael Young-Valdivia aka Carlos Jonathan Hernandez Valdivia, the Petitioner in the above-captioned case, is a federal immigration detainee appearing *pro se*. Petitioner's custody by the bureau of Immigration and Customs Enforcement ("ICE") began on March 04, 2020 After a prior order of deportation was reinstated. He has been detained at Aurora-Geo contract detention facility in Aurora, Colorado for 300 days.  In light of his prolong Post Removal detention, the Petitioner files a petition of **WRIT OF HABEAS CORPUS** under **28 U.S.C §  2241** to challenge the constitutionally of his detention in direct violation of the constitution, or laws, or treaties of the United States and the supreme court ruling in, <u>**Zadvydas v Davis 533 U.S 678-699, 121 s CT 2491, 150 led 653  (2001)**</u> . He alleges that his detention violates his due process right, and that DHS has not complied with post <u>**Zadvydas**</u> regulation codified at **8C.F.R § 241.13 and 8C.F.R § 241.4** in addressing the request for release of petitioner.

# B. <u>FACTUAL PROCEDURAL BACKGROUND</u>

## B. I.  IMMIGRATION BACKGROUND

1. The Petitioner is 44 years old, male, native and citizen of Nicaragua. He gained Legal Permanent Resident status in 2000.

2. On 07/02/2002, He was convicted for the offense of Grand Theft (Nolo-contender) in Escambia County, Florida in, sentencing him to 5-year all suspended jail time and probation.

3. On 12/03/2003, He got convicted in Monroe County, Indiana for the offense of theft, (count I and II) for which sentences of three years for each count was sentenced to run concurrently, all sentences were ordered suspended, but one year to be served under supervised probation.

4. On May 2004, He was removed and deported from the United States.

5. On or about September 03, 2004, He last re-entered the United States without inspection after fleeing torture and persecution for being a gay male in Nicaragua.

6. On November 02, 2019, He was arrested under suspicion of driving under the Influence of alcohol, allegations are still pending on County/City Court.

7. On March 4, 2020, ICE arrested and took petitioner into custody, subsequent an immigration official reinstated a prior Order of deportation and a claim of fear for returning to Nicaragua was entered.

8. On March 12, 2020, a reasonable fear interview was conducted and a credible fear of persecution and torture was established.

9. On April 16, 2020, He submitted a I-589 Application for withholding and protection under the convention against torture.

10. On April on 05/21/2020, the first custody determination review was conducted at Ninety days of detention.

11. On May 18, 2020, Request for Humanitarian Parole release was denied

12. On June 07, 2020, His U.S citizen spouse filed a I-130 petition for alien relative with USCIS. RECIEPT # IOE9522116602, petition is still pending.

13. On July 07, 2020, the Immigration Judge issued a written decision granting the Petitioner's application for Deferral of Removal, and protection under the Convention Against Torture ("CAT").

14. On July 09, 2020, He submitted his original, unexpired Nicaraguan passport to Denver CDF deportation officer.

15. On August 5, 2020, the Department of Homeland Security appeal the IJ decision therefore the case is still pending on an appeal.

16. On September 09, 2020, Department of Homeland Security conducted a second post removal detention review. HQPDU issued Petitioner with a Notice to Continue Detention.

17. On October 8th, 2020, the petitioner filed a motion for bond redetermination in custody redetermination proceeding with the Aurora, Colorado Immigration Court.

18. On November 3rd, 2020 the Immigration Judge denied his motion, basing on lack of jurisdiction on his case.

19. On November 25, 2020, He submitted a request for Special Review Procedures under 8 C.F.R § 241.13 to HQRPDU.

20. On December 10, 2020, HQPDU issued a written notice to continue detention.

21. On December 14, 2020, Fraihat Custody Redetermination request was denied.

## B. II.   FAMILY AND TIES IN THE UNITED STATES

Based on his long U.S. history, the Petitioner has a great deal of equities and ties to the community.  The Petitioner has lived in Indiana and Colorado since his last arrival in United States. Moreover, he attended and continue his education in

the United States by graduating from high school, obtaining his University Certificate in business Administration from Anglia Ruskin University online and received eleven self-study Certificate from Aurora-Geo contracting facility self-improvement programs in Aurora, Colorado. He married his current United States Citizen spouse on December 31, 2013 in Poultney, Vermont, USA; and he has continued into a faithful and loving relationship ever since.

Mr. Young-Valdivia does not have any history of violent behavior. Ever since his misconduct of over twenty-one years ago, he has cultivated and ameliorated himself. He became more responsible, veracious, honest, generous and kind to others, but mostly, he has learned to respect the law, to nourish and cherish the freedom and protection he has received from the people and government of the United States.

He has met incredible people while living in America all of this year. He has made many acquaintances, friends and most of his family has immigrated to the United State as well. His mother became a Legal Permanent Resident in the year 2016. His brothers and sister have become United State citizens and Legal Permanent Residents as well. They have married into other families and many off springs have been born of these relationships in America. He is very close to all of his relatives, in laws, friends and co-workers.

# C. STATEMENTS OF CLAIM

1. **THERE IS NOT SIGNIFICANTLY LIKELIHOOD OF REMOVAL IN THE FORESEEABLE FUTURE.**

   Mr. Young-Valdivia assents that "there is no good reason to believe that there is a significantly likelihood to removal in the reasonably foreseeable future" Zadvydas, 533 U.S at 701. His case "lacks foreseeable finality for purpose of Judicial review of his withholding-only claim" Padilla-Ramirez, 2017 U.S. App. Lexis 12056, 2017 WL. 2871513, al *7. and ICE officials "cannot execute his removal till his withholding-only appeal proceeding are complete" Luna-Garcia v holder, 777 F. 3rd. 1182, 1183 (10th Cir. 2015).

   A. He believes that he would be successful in winning his appeal case. He has already been found credible applicant by an asylum officer and later granted relief and protection under the convention against torture (CAT) by an Immigration Judge.

   B. the ruling on his appealing case does not represent the actual end of his deportation and removal "Singh, 362 f. Supp. 3rd at 102 "there are not factual evidence that removal will occur in five days, two months and not five years. Furthermore, the department of homeland security likely

"cannot execute his removal order until the reasonable fear and withholding-only appeal proceeding are complete" <u>Luna-Garcia v holder, 777 F. 3rd. 1182, 1183 (10th Cir. 2015)</u>

C. given the circumstance on the outcome of the appeal case, there is still the possibility that either side will likely to appeal the immigration judge decision much further, Petitioner has the right of Judicial review in the Ten Circuit Court of Appeal if the BIA vacates the Immigration Judge decision, e.g. <u>Batubara v Holder, 733 F. 3d. 1040 (10th Cir. 2013)</u>

D. considering the lengthy time that is taking for appeal cases to be adjourned in courts, the finality on his case will take many several years to be decided. "Even thereafter, If a petition for review is filed, in the 10th Circuit Court, the parties have informed the Court that a Motion for Stay of Execution is uniformly filed and, once filed, ICE will not remove him until the Stay is denied or the appeal is completed" <u>Reyes v Lynch, 2015 U.S. Dist. Lexis 114643, 2015 wl 5081597, at*4</u>

E. Considering the given restriction on third country removal, noncitizen who prevail in withholding-only proceedings are verily removed to third country. See., <u>Kumarasamy V AG of the United States. 453 f 3rd 169, 171 n.I</u> (3rd Cir 2006),

F. Statistic on number of aliens who have successful remove to certain countries may not itself demonstrate that an alien will likely be removed to that country in the foreseeable future. See. <u>Kacanic V Elwood 2002 U.S Dist. Lexis 21848, No. civ A. 02-8019, 2002 wl 31520362, at *4</u> (E.D. Pa. Nov.8 2002 (emphasis in original) <u>Ablahad V Ashcroft, 2002 U.S. Dist. Lexis 17405, No 02 c 3263, 2002 wl 31027952, at *3</u> (N.D. III sept6, 2002) (finding evidence that aliens have previously been deported to the petitioners country is not sufficient to carry the government's burden under <u>Zadvydas</u> to rebut petitioner's showing that his removal is unlikely in the reasonably foreseeable future) (direct quoting in original)( <u>Lin V Ashcroft, 247 F Supp 2d 679</u> ( U.S Dist. 3rd , March 06, 2003).

"Practically speaking now that Mr. Young-Valdivia has been granted deferral of removal to Nicaragua, he may never be removed at all, and thus removal contemplated by §1231(a) is even less certain. He may never be removed from the United States. Although prevailing on CAT claim "would not prohibit" removal from the United States to an alternative, "non risk country," actual removal to a third, alternative country is rare. To do so, the U.S government most show a tie between the alien and the third country to satisfy the requirement of 8 U.S.C§§1231(b)(2)(d) and (e) and that country most also be willing to accept him.

See.eg., <u>Himri V Ashcroft, 378 f. 3rd 932, 936-38 (9th Cir. 2004)</u> often, no such alternative country exists, and the alien who is granted deferral of removal remain in the United States indefinitely". (direct quoting from, <u>Guerrero-Sanchez V Warden York Cty. Prison, 905 F. 3rd, 208 (2018 U.S App Lexis 27445**)</u>.

## 2. DUE PROCESS VIOLATION

ICE have held three post removal custody review and two re-determination Review and two Humanitarian request review withing 300 days/10 months of detention.

ICE officials have concluded in each post removal review that Petitioner did not meet his burden to prove his eligibility for release; and each time, ICE officials have provided  poorly " Conclusory statements that removal is expected in the reasonable foreseeable future, decision pending ruling on appeal case or that he would poses a danger or threat to society if released, with no factual basis or explanation, teetering dangerously close to a perfunctory and superficial pretense instead of a meaningful review sufficient to comport with due process standards" <u>Bonitto v. Bureau of Immigration and Customs Enforcement, 547 F. Supp.2d 747, 757,</u>  or one that has fail to conduct a meaningful individualized review where the interest involved is at the "most elemental of liberty interests--the interest in being free from physical detention" <u>Foucha v Louisiana, 504 U.S. 71, 80, 112 s. ct. 1780, 118 L Ed. 2d 437 (1992)</u> .

20-CV-3728-GPG

ICE has stated on the two latest post removal detention decision letters (dated September 09, 2020 and December 10,2020) that the decision to continue detention was based on their inability to move forward with his removal from the United States. ICE has acknowledged that removal is not foreseeable until his final ruling on appeal. It has disregarded the timing of an appeal ruling time-frame and still has chosen to continue detention without full consideration for release.

On November 25, 2020, He submitted a request for Special Review Procedures under 8 C.F.R § 241.13 to HQPDU in which he also appeal for his release. On December 10, 2020, HQ Rio PDU Washington D.C. official denied his request for release and issued a Decision to Continue Detention. However, the determination decision letter is in a generic form and does not account for an explanation on the step taken for such conclusion. It was hand out in person and not by mail and Its statements do not comport with the standard procedures as set forth in the 8 CFR §241.13.

ICE has fail to afford meaningful, important and imperative procedural safeguard to petitioner and it has also disregarded that "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and meaningful manner" Mathews, 424 U.S. at 333 (quoting Armstrong v Manzano, 380 U.S. 545, 552, 85 s. ct. 1187, 14 L. Ed. 2d 62 (1965). It has overlooked, that the Supreme

Court held, in effect that an alien's right to substantive due process could be violated by prolong detention even if the alien's right to procedural due process has been satisfied. See, 533 U.S. al 697, implicitly assuming that the alien had been afforded adequate procedural due process, the court found that detention for up to six months is presumptively reasonably.

ICE has continuing detaining Mr. Young-Valdivia beyond six months without adequate due process protection while he pursues his bona fide withholding-only "effectively punish him for pursuing applicable legal remedies." Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 271 (3d Cir. 2012). Even where detention is not indefinite because of his CAT claim finality, his detention still must bear a "reasonable relation" to the Government's interests in preventing flight and danger to the community and be accompanied by adequate procedures which ICE has felt to follow to determine if detention is necessary. 533 U.S. at 690 (quoting Jackson v. Indiana, 406 U.S. 715, 738, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972)); see also id. at 700 ("if removal is reasonably foreseeable; the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period."). Having a criminal record is an insufficient reason to refuse to release Mr. Young-Valdivia after the six-month removal period had expired. In Zadvydas v Davis 533 U.S 678-699, 121 s ct 2491,

150 led 653 (2001), the U.S Supreme Court demanded that the "dangerousness rationale be accompanied by some other special circumstance, such as mental illness, that helps to create the danger" Id. In its analysis, the court reiterated that need to protect an individual's due process right guaranteed by the Fifth Amendment. Id. at 692 (noting a "serious constitutional problem arising out of a statute that…permits indefinite, perhaps permanent, depravation of human liberty"). The court also suggested that the constitution prohibited an Administrative agency from making unreviewable decision affecting one's fundamental rights. Id.

ICE has unconstitutional deprive Mr. Young-Valdivia of freedom or liberty without due process of law protection." Zinermon v. Burch, 494 U.S. 113, 125-26, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990).  DHS have ignored the regulations it promulgated, a number of which were amended to comply with the Supreme Court's due process requirements in Zadvydas. "It is central to our concept of due process that government officials, no less than private citizens, are bound by rules of law." Bonitto v. Bureau of Immigration and Customs Enforcement, 547 F. Supp.2d 747, 757 (S.D. Tex. 2008) (citing Government of Canal Zone v. Brooks, 427 F.2d 346, 347 (5th Cir.1970) (holding that it is a denial of procedural due

process for any government agency to fail to follow its own regulations providing

procedural safeguards to persons involved in adjudicative processes before it).

# D. ADMINISTRATIVE REMEDIES

Petitioner disputes weather the doctrine of administrative exhaustion is strictly

applied to cases challenging custody determination but argues that nevertheless he

has exhausted his administrative claim.

The statute in question, 8 U.S.C. § 1231(a)(6) has no exhaustion requirement.

Exhaustion is required only when congress specifically mandates it. McCarthy v.

Madigan, 503 U.S. 140, 144 (1992). In all other instance, "sound judicial

discretion governs". Id.  This court should not require petitioner to exhaust his

administrative remedies. First the supreme Court has recognized that court should

not require exhaustion when there is an unreasonable or indefinite time-frame for

administrative action. Id at 147. Here, HQPDU is not required to issue a decision

within particular length of time.  8 C.F.R. § 241.13(g). The custody review

regulation dot not provide any other administrative method of obtaining or

appealing a custody review decision. See. Id § 241.13(g). Petitioner has petitioned for HQPD review of his indefinite detention, and has already waited a reasonable time for a decision. However, HQPDU has failed to make a decision. In light of the fundamental right to liberty at stake, the lack of any statutory requirement that a decision be rendered in any particular time frame whatsoever, and the resulting extreme prejudice to petitioner's liberty interest, Petitioner should not require to wait indefinitely for an HQPDU decision on his continued indefinite detention. Exhaustion is not appropriate where "plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim". Id. Petitioner has constitutionally-protected liberty interest in freedom from government custody. Zadvydas,121 s. Ct. at 2498-2501. Petitioner's unlawful indefinite detention constitutes irreparable harm. See Seretse-Kharma v Ashcroft, 215 F. Supp. 2d 37, 53 (D.D.C. 2002) (ordering release under Zadvydas on preliminary injunction based on substantial likelihood of success and finding that continued unlawful detention constitutes irreparable harm).

The Ten Circuit Court "has held that with regard to immigration laws, exhaustion of remedies is statutorily required only for appeal of final orders of removal" Hoang v Comfort, 282 F. 3rd. 1247, 1254 (10th Cir. 2003) citing 8 U.S.C. 1252 (d)(i), cert. granted and judgement vacated on grounds sub nom. By Weber v Phu

Chan Hoang, 538 U.S. 1010, 123 s. ct. 1963, 155 l. Ed. 2d. 846 (2003) "The ten

Circuit Court finds that exhaustion is not jurisdictional for habeas petition

challenging detention by the Immigration Agency". See, e.g. Soberanes v Comfort,

388 F. 3rd. 1305, 1310-11, 109 Fed. Appx 328 (10th Cir. 2004)

## F.  **REQUEST FOR RELIEF**

Based on the foregoing, Mr. Young-Valdivia respectfully requests that the

Court grant this petition and order I.C.E to afford the petitioner a hearing before a

neutral decision maker (Immigration Judge) or to release him within seven days

under appropriate order of supervision as contemplated in 8.C.F.R 241.4 and 241.3

Dated:  December 28, 2020

Respectfully Submitted

Michael Young-Valdivia AKA
Carlos Jonathan Hernandez
Valdivia

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing
pleading/document was mailed or delivered


On:         December 28th, 2020

To:         The Assistant Chief Council of DHS/ICE at

              12445 E. Caley Ave Centennial, Colorado 80111


To:         John Fabbricatore, Field Office Director,

              Enforcement and Removal Operation. U.S

              Immigration and Customs Enforcement,

              12484 East Weaver Pl

              Centenial, Colorado 80111


Applicants Original Signature_____

# Writ of habeas corpus.
# Civil Action no. <u>20-cv-3728-GPG</u>

## MICHAEL YOUNG-VALDIVIA
### Petitioner

## TABLE OF CONTENT

1. PETITITION FOR WRIT OF HABEAS CORPUS (Pag, 1-4)

2. ADDITIONAL DOCUMENTS (5-16)



LY TO SEAL

PRESS FIRMLY TO SEAL

12/28/2020
US POSTAGE $007.75⁰

ZIP 80010
011E10674572


**UNITED STATES POSTAL SERVICE**

# PRIORITY MAIL EXPRESS®

UNITED STATES
POSTAL SERVICE®


**USPS TRACKING #**

4 9011 5981 8332 4250 39

Package Pickup,
scan the QR code.



USPS.COM/PICKUP



P S 1 0 0 0 1 0 0 0 0 0 6

EP13F Oct 2018
OD: 12 1/2 x 9 1/2



PRIORITY MAIL EXPRESS™

UNITED STATES POSTAL SERVICE®

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 04 2021

JEFFREY P. COLWELL
CLERK

Money Back Guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.
Money Back Guarantee for U.S. destinations only.   ™ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.







GUARANTEED*
★ ★ ★
TRACKED
★ ★ ★
INSURED
★

EL368410523US

# RIORITY
# MAIL
# XPRESS

## FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*

SEPTEMBER 2015    PSN 7690-02-000-9996          3-ADL

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

S10001000006

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

back guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.
mestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

Michael Young-Valdivia
A#07644O738
Geo-Aurora Processing Center
3130 N. Oakland St
Aurora, Colorado 80010

OFFICE OF THE CLERK
United States District Court
Alfred A Arras Court House
901 19th St
Room # A 105
Denver, Colorado 80294-3589.

