IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03728-PAB

MICHAEL YOUNG-VALDIVIA,

    Applicant,

v.

JOHNNY CHOATE, Warden of the Aurora Contract Detention Facility, and
JOHN FABBRICATORE, Field Office Director, Enforcement and Removal Operation, US Immigration and Custom Enforcement,

    Respondents.

---

**ORDER OF DISMISSAL**

---

Before the Court is Respondents' Motion to Dismiss Application for Writ of Habeas Corpus. Docket No. 21. For the reasons set forth below, the Court grants the Motion, denies the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Docket No. 5, as moot, and dismisses this action without prejudice for lack of jurisdiction.

**I. BACKGROUND**

On January 4, 2021, Applicant Michael Young-Valdivia filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Docket No. 1, challenging his detention by Immigration and Customs Enforcement ("ICE") at a detention center in Aurora, Colorado. Applicant is subject to a reinstated order of removal and he contends his detention has become unlawfully prolonged. As relief Applicant requests either a hearing before an Immigration Judge or to be released under appropriate

1

conditions of supervision.

On February 24, 2021, Respondents filed a Response to Order to Show Cause, Docket No. 16, arguing the Application lacks merit and on March 11, 2021, Applicant filed a Reply, Docket No. 19. On May 26, 2021, Respondent filed the referenced Motion to Dismiss, Docket No. 21, asserting the Application is now moot because Applicant was released on conditions of supervision on April 15, 2021.

Applicant has not filed a Response to the Motion as directed in a Minute Order, Docket No. 22, filed on June 3, 2021.   On June 16, 2021, the copy of the Minute Order that was mailed to Applicant at the Aurora detention center was returned to the Court undelivered and a handwritten notation on the returned envelope reads "Not here." Docket No. 23.

## II.  ANALYSIS

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."   *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).   "To involve the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).   At all stages of the case, the parties must have a "personal stake in the outcome" of the lawsuit.   *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78).   Federal courts have no authority to give an opinion upon a question that is moot due to events that occur during the pendency of the action.   *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

Where a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002).

As indicated, Applicant is challenging the lawfulness of his detention pursuant to a reinstated order of removal. As relief he seeks either a hearing before an Immigration Judge or release under appropriate conditions of supervision. Respondent has submitted a Supplemental Declaration of Deportation Officer Sarah Garcia declaring under penalty of perjury that "[o]n April 15, 2021, ICE released Petitioner on an order of recognizance pursuant to humanitarian parole under to [sic] 8 U.S.C. § 1182(d)(5)." Docket No. 21-1 at 2, para. 5. Respondent also has submitted a copy of the Order of Release on Recognizance. Docket No. 21-2. Applicant has not filed anything indicating he remains in custody or suffers some ongoing harm that may be redressed by a favorable judicial decision in this action. Thus, it appears that this case is moot because Applicant has obtained the relief he requested: namely, he has been released from detention on conditions of supervision. *See Riley*, 310 F.3d at 1255, 1257 (holding that the petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention by immigration authorities).

Moreover, the Court finds that none of the exceptions to the mootness doctrine

recognized in *Riley* apply. Exception (1) is not implicated because Applicant has not alleged or shown any collateral injury resulting from his former detention that does not stem from the reinstated order of removal. *See Herrera v. Holder*, No. 14-cv-00218-PAB, 2014 WL 3672116 at *2 (D. Colo. July 23, 2014) (citing *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006)).

Exception (2) does not apply because any concern that Applicant might be detained again for a prolonged period is based on speculation and therefore fails to satisfy the requirements of Article III. *See McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (noting that speculation that a defendant will "break the law or otherwise violate the conditions of their release . . . would undermine our presumption of innocence . . . and the rehabilitative focus of the parole system"). There also is no reason to believe that if Applicant is detained again in the future, "the detention will be so short in duration as to deny Applicant the ability to litigate his claim at that time." *Herrera*, 2014 WL 3672116 at *3.

Exception (3), the "voluntary cessation" doctrine, provides Applicant no recourse because there is no indication Applicant was released with the intention of later revoking that release, simply to evade review. *See id.*

Exception (4) does not apply because this is not a properly certified class action suit.

## III. CONCLUSION

Based on the above findings, the Court concludes that Applicant's release from detention on conditions of supervision moots his claims in the Application. For the reasons stated herein, it is

4

**ORDERED** that Respondent's Motion to Dismiss Application for Writ of Habeas Corpus, Docket No. 21, is GRANTED.   It is further

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Docket No. 5, is DENIED as moot and this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.   It is further

**ORDERED** that leave to proceed in forma pauperis on appeal is denied.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED June 23, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge